Mr. Mosley, I see you've reserved two minutes for rebuttal. That is correct, Your Honor. And may it please the Court, I'm Thomas Mosley, counsel for the appellants. The district court erred because none of the underlying determinations for which judicial review was sought under a strong presumption of judicial review were actually made in the exercise of discretion. Administrative precedent, and we cite Matter of Ho, Matter of Howick, set controlling standards with respect to the exercise of the power to revoke. And those binding precedents required that decision only to be made if the person wasn't eligible, if the person was not eligible for the I-140 in the first place, a benefit under the immigration law which itself is not discretionary. Now, the government didn't have to— I don't understand. Can't they revoke for good and sufficient cause? Isn't that the discretion that they have? Yes, but that discretion has been limited by precedent, Your Honor. This is very similar to the Supreme Court's decision in the service case where Secretary Acheson had been granted absolute discretion to discharge an employee for disloyalty, but applicable regulations limited that absolute discretion. And that's precisely what we have here. We have said several times in Metania, in First Land International, and I think in other cases that if it's the substance of the decision we're reviewing, we have no jurisdiction. Well, we are reviewing the underlying legal issues that led to that determination, Your Honor. This is very similar to a case, a very recent case that came to my attention. Isn't your main argument pretext? Isn't that your main argument? That is one, yes. So isn't that quintessentially a substantive reason? That's not procedural, right? If you're alleging that they had a secret reason for revoking the visa, isn't that the substance? Well, that is not no, Your Honor. That would be procedural in that whatever discretion that was given here was certainly not given to the FBI. It was certainly not given to the FBI. It is very similar to the Accardi case where the issue was what discretion was given to make those decisions. I'm sorry. You're not arguing that the FBI made the decision, right? You're just saying that USCIS made the decision, but they made it, I don't know, because they were unduly influenced by the FBI, right? What I am – what we did want, Your Honor, is discovery with respect to that. Well, hang on, hang on. Let's just take that one piece at a time now, just to be clear. You do agree that USCIS made the decision, right? They issued the decision, right? Yes. They revoked it. They issued the decision. We submit that we had more than enough evidence for discovery to see if that was pretextual. So let me just ask you, one of the ways that the government responds to you is that the jurisdiction-stripping provisions prevent us from reviewing the why but not the how. Let me just ask you, do you agree with that characterization of the law? I think the government overstates the jurisdictional-stripping provisions here, Your Honor. But as to the how versus why, do you think that is an accurate description of the law or not? I think clearly we have jurisdiction to review the how. Now, I quarrel with respect to the other, but there's clearly jurisdiction under Montana to review the how. So are you staking your entire argument on a characterization of your claims as falling under the how? I'm not, Your Honor. I'm not. That is obviously one of my arguments and perhaps what might be viewed as the more persuasive argument, although I beg to differ on that point. My essential argument is that this was with respect to procedure. The Congress or rather whatever discretion there was, it was not delegated to the FBI. It was not delegated and would be inconsistent with the prohibition against discrimination based upon national origins, another part of our claim. Good and sufficient reason surely doesn't encompass the ability to deny a visa petition because someone's Iranian  that I don't think were even addressed, excuse me, by the district court. And at the very least, I would submit that there should be a remand to address that aspect of a pretextual decision that would clearly would be contrary or outside of the discretion. Isn't pretext another word for why? No. The reason why is not the reason you stated is not the real reason that motivated you, right? That's what the very notion of pretext is, right? Yes, but. So that's a why question. No, it is not just a why. It's also a how because the involvement of the FBI, that discretion was not delegated to the FBI to undertake that decision. It's not a delegation of discretion. If another agency provides information, that then is utilizing connection with the decision. They're not delegating the decision. They're receiving information. They're making decisions based upon it. I don't understand how you call this improper delegation. The regulations require that the decision be made on the basis of eligibility. If it's made on the basis of national origin discrimination or coerced cooperation with the FBI, then under those circumstances, it is a procedural error. Which case stands for the proposition that you're articulating, that if you're alleging pretext, then the jurisdiction exists for the court? Well, I think it's the need to reconcile both this statute and the Prohibition 8 U.S.C. But no court has ever made this distinction that you're articulating, right? Well, based upon my research, this is the first case that raises the issue of national origin discrimination in the denial. The Ninth Circuit in a case called Proyecto, I think, that the government cited, said arguing that denial was pretextual is no different from arguing that it was wrong. Both arguments challenge the validity of the grounds for denial. Yes, sir. So that has gone the other way. But here we're talking, I submit, of a procedural error with respect to allowing that delegation, which was not intended delegation of the FBI. Now, I want to get back, though. Excuse me, Your Honor. I want to get back to the issue about underlying legal issues. A case we cited, as I say, the Cornelia case, and we submitted a Rule 28G on that over the weekend, reviewed the revocation of an I-130 petition and addressed the underlying legal issues. In that case, it was the underlying legal issues were the definition of child for the stepchild provision of the I-130, and it allowed substantive review. And that's — and what we are urging here is that there be review of the underlying legal issues that we raised, that we raised with respect to the ability to pay and the Department of Labor's re-adjudication of the — excuse me. So can I ask, on Cornelia, would your argument be, if you urge us to follow Cornelia, that the line is not necessarily between procedure and substance, but between discretionary determinations and nondiscretionary determinations, which may or may not have led to the ultimate administrative action? That is — Would that be the line you would be urging? That is the line that I'm urging. It's the line that Cornelia followed. All right. I think your time is up, Mr. Mosley, but you're reserved two minutes for rebuttal. Thank you, Your Honor. Mr. Weinberg. Good afternoon, Your Honors. Assistant United States Attorney Alex Weinberg from the Eastern District of New York on behalf of the defendants' appellees. This court has stated clearly and unequivocally that the substantive decision to revoke an immigrant visa petition is not subject to judicial review. Ten other courts of appeals have held the same. The gravamen of plaintiff's complaint is a request to review the substantive basis for USCIS's decision to revoke plaintiff's immigrant visa petition. But as the district court correctly held, under this court's precedent, USCIS's substantive decision to revoke the petition is not subject to judicial review. Unless this court has any additional questions, we would rest on the arguments set forth in our brief. I have a question. Yes, Your Honor. Let's assume hypothetically, hypothetically, that USCIS made this decision in a way that would have violated the due process clause of the Fifth Amendment. Is there any forum in which that could be reviewed in light of the jurisdiction stripping provisions? Possibly, Your Honor. I think as the district court noted that under 1252A2D, I believe, you could file a petition for review on constitutional questions or questions of law. Right. But isn't that only petition for review under this section, which is for reviews of final orders of removal? So assume there was no final order of removal. That's correct, Your Honor. If there was no final order of removal, there would be unlikely to be somewhere for the review to take place. But if the procedure that's outlined in 8 CFR Section 205.2 notice and the other procedures are not followed, we've made clear that if the process is not followed, you could bring a claim, right? That's correct, Your Honor. Yes, Mentino sets it out that the process must be followed as far as the regulations. Do you want to address the 20HA letter? I know it came in yesterday. Do you want to address that? Yes, briefly, Your Honor. Coniglio is distinguishable here in multiple respects. First, Coniglio was a pure question of law that the district court reviewed. Here, there's undisputed there. And they noted, the judge noted, that there was undisputed facts in that case. Here, there are clearly disputed facts with respect to the underlying administrative record. And there are no pure legal questions. Moreover, I believe that with respect to the district court, this court's precedent does make clear that there is the substance in the procedure. And there is no sort of characterization that substance is broken down into legal and factual questions. And so our position would be that this court can only review the procedural issues and not the substance issues without any respect to whether they are legal or factual questions. You heard his argument that what he thinks was an improper delegation of the decision of the FBI is a pure legal decision. What's your response to that? I don't believe there's anything in the record here, Your Honor, that there was any delegation to the FBI here. The decision was made by USCIS. And it was made on a basis that had nothing that I'm aware of in the record related to an FBI investigation. All right. No other questions. Thank you. Thank you, Your Honor. Mr. Mosley, you have two minutes in revolve. Just very briefly, Your Honor, we do raise purely legal questions in this case, similar to that in Camellio. Count 1 challenges the regulation that requires an employer to have the ability to pay the wage during the entire period of the application process. It also charges—it also challenges that regulation to solve for virus. The statute is contrary to the—and it's not promulgated in accordance with the rule—with the notice and comment rule-making process. It also challenges the legal ability of the department. That's Count 1, page 86 of the appendix. And it also challenges the interpretation of that regulation, which requires an employer to pay the salary of all people from whom it has a petition, even those individuals who've left the company, for which there's no factual dispute. And it also challenges the USCIS ability—that's Count 3—to overrule the Department of Labor's determination with respect to the qualifications for this position. So we're directly in line with Camellio in terms of attacking pure legal questions that underlie the ultimate determination, and those legal questions were not resolved by the agency in the exercise of discretion, but rather were legal determinations that were made and should be subject to judicial review under the—they're not addressed by the district court. It should be subject to judicial review under the strong presumption for that review. Thank you. Thank you both. That was our decision. Have a good day.